UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KALEENI E. P.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 2:26-CV-1855-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION DENYING BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of her application for supplemental security income ("SSI").[1] The Court concludes that the Administrative Law Judge ("ALJ") erred in evaluating certain medical opinion evidence. Had the ALJ properly considered these medical opinions, Plaintiff's residual functional capacity ("RFC") may have included additional limitations, or the ultimate determination of disability may have changed. The ALJ's error, therefore, is not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), to the

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned United States Magistrate Judge. *See* Dkt. 5.

Commissioner of the Social Security Administration for further proceedings consistent with this order.

## I. Procedural History

Plaintiff filed her application for SSI on August 12, 2021, alleging disability as of April 5, 2020. Administrative Record ("AR") 103. Her claim was denied initially on March 31, 2022, and upon reconsideration on August 31, 2022. AR 102, 112. A hearing was held before ALJ Allen Erickson ("the ALJ") on August 10, 2023, AR 48, who issued a decision denying Plaintiff's claim on November 29, 2023. AR 19–43. The Appeals Council denied Plaintiff's request for review on May 1, 2024, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1.

From this decision, Plaintiff filed a complaint in the United States District Court for the Western District of Washington on July 9, 2024. AR 807. On January 15, 2025, United States Magistrate Judge Michelle L. Peterson entered an order reversing and remanding the ALJ's 2023 decision pursuant to a stipulation by the parties. AR 801–02. The Appeals Council remanded the matter on May 9, 2025. AR 810.

The matter came on for a second hearing on November 20, 2025, AR 749, and on January 28, 2026, the ALJ entered another decision concluding that Plaintiff was not disabled. AR 730–42. In turn, Plaintiff filed a complaint with this Court on June 2, 2026, seeking judicial review of the ALJ's decision denying benefits. Dkt. 4.

## II. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

## III. Discussion

Plaintiff argues that the ALJ erred in: (1) evaluating certain medical opinion evidence; (2) evaluating whether her foot and ankle impairment were severe impairments at Step Two; and (3) formulating Plaintiff's RFC. Dkt. 13 at 1.

### A. <u>Medical Opinion Evidence</u>

First, Plaintiff argues that the ALJ erred in evaluating certain medical opinion evidence. *Id.* at 2–15.

For applications filed after March 27, 2017, in evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] Rather, ALJs must consider every medical opinion or prior administrative medical

---

[2] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* The critical factors in an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. at § 416.920c(c)(1). A medical opinion is more "supportable," and therefore more persuasive, when the sources provide ample relevant "objective medical evidence and supporting explanations" for their opinion. *Id.* "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also id.* at § 416.920c(c)(2).

Critically, an ALJ must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

i. *Holly Watson, ARNP*

ARNP Watson conducted a physical evaluation of Plaintiff on August 11, 2022. AR 581. In ARNP Watson's opinion, Plaintiff could stand/walk for "[l]ess than two hours[,] [j]ustification for limitation is left foot and ankle impairment and the need to use a walker for weightbearing and balance." AR 588. ARNP Watson also opined that Plaintiff could sit for "[t]wo hours and no more than for hours with frequent breaks for repositioning and rest[,]" has "no carrying capacity

secondary to her bilateral shoulder dysfunction[,]"and consequently would be unable to "participate in climbing, balancing, stooping, kneeling, crouching, and crawling[,]" to "reach secondary to bilateral impaired shoulder dysfunction" or "participate in working at heights, around heavy machinery, extremes of temperature, chemicals, dust, fumes, gases, or excessive noise." *Id.*

The ALJ did not find ARNP Watson's opinion persuasive. AR 738. As for supportability, the ALJ found the opinion "*is supported* by [ARNP Watson's] examination of [Plaintiff]; her explanation of her findings; her review of records in preparations for her examination; and her familiarity with social security policies and regulations." *Id.* (emphasis added).

As for consistency, the ALJ found ARNP Watson's "opinion that [Plaintiff] is unable to sustain even sedentary work[3] is out of proportion to and [sic] not consistent with the record" because of "normal findings on physical examination that show full strength with intact sensation and a normal range of motion; [Plaintiff's] benign presentation, which does not corroborate her pain allegations;[4] and imaging showing no more than *moderate abnormalities*[5] that support finding greater functional capacity than opined" by ARNP Watson. *Id.* (emphasis added).

---

[3] The Court notes that ARNP Watson did not opine "sedentary" limitations. *See* AR 581–88. Dr. Morgan and Dr. Yihdego opined this limitation. AR 1045, 1230.

[4] Plaintiff argues that "[t]he records consistently demonstrated . . . [that] clinical exam tests produced pain[,]" which "amply support[ ] [Plaintiff]'s reports of pain" and "[t]he notion that [Plaintiff] should present in a manner displaying her pain is unreasonable and unsupported." Dkt. 13 at 5. First, the Court agrees with Plaintiff that her "benign presentation" was an inadequate basis to discount ARNP Watson's opinion regarding Plaintiff's inability to, *inter alia*, stand/walk for less than two hours or climb ladders, ropes, and scaffolds. AR 588. Second, the Court observes that in the first decision in this matter, the ALJ chronicles Plaintiff's reports of pain, including, "left foot pain[,]" AR 23, and "pain in shoulders[.]" AR 32. Thus, the ALJ"s finding that Plaintiff's manner of displaying pain was not consistent with ARNP Watson's opinion, is not supported by substantial evidence.

[5] Despite finding ARNP Watson's opinion inconsistent with the record, the ALJ, nonetheless, acknowledged that the record includes "treatment notes documenting reports of shoulder pain with limited function; imaging showing bilateral shoulder abnormalities; and the sometimes abnormal findings on physical examination support finding some limitations[.]" AR 738.

Regarding the purported "normal findings on physical examination that show full strength with intact sensation and a normal range of motion[,]" *id.*, Plaintiff argues that "[t]he ALJ's failure to provide any explanation and to identify evidence with an adequate degree of specificity is highly problematic" because it was unclear "how the ALJ would know whether range of motion would be a means of assessing the impairments [that] ARNP Watson addressed." Dkt. 13 at 4.

The Court agrees that the ALJ's vague reference to "normal range of motion" does not necessarily pertain to Plaintiff's range of motion in her shoulders or foot/ankle, the impetus for ARNP Watson's opinion regarding Plaintiff's physical functioning. *See* AR 588. In fact, elsewhere in the decision, the ALJ notes that Plaintiff had "*reduced range of motion* of the *left ankle*, left hip, back, [and] *shoulders*," not "*normal* range of motion." *Cf.* AR 738, 835 (emphases added). Consequently, the Court concludes that this consistency finding by the ALJ is not supported by substantial evidence.

As to the ALJ's "imaging" finding, which the Court notes—more accurately, referred to an x-ray, AR 620—Plaintiff argues that "the ALJ's effort to interpret radiology without the qualification to do so is unsupported" because, upon review of the x-ray, a Dr. Richard Kovard noted that Plaintiff "[m]ay need [an] MRI" to assess her ankle condition. Dkt. 13 at 5; AR 620. As Plaintiff argues, "[i]t is widely accepted that x-rays do not detect all impairments[,]" and similarly, "[t]he shoulder impairments diagnosed by [Plaintiff]'s providers are also not skeletal in nature and therefore an x-ray would not be expected to detect them." Dkt. 13 at 5. Moreover, the Court notes that these x-rays, nonetheless, revealed "*moderate abnormalities*[,]" and for these reasons, the Court concludes that this finding, too, is not supported by substantial evidence.

Because the ALJ's reasons for finding ARNP Watson's opinion inconsistent with the record were not supported by substantial evidence, the Court concludes that the ALJ erred in finding ARNP Watson's opinion unpersuasive.

ii. *Harmless Error Analysis*

Applying the harmless error analysis requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made " 'without regard to errors' that do not affect the parties' 'substantial rights.' " *Molina*, 674 F.3d at 1118–19 (citations omitted). Here, the Court concludes that, had the ALJ properly considered ARNP Watson's opinion, Plaintiff's RFC may have included additional limitations, including those opined by ARNP Watson, or the ultimate determination of disability may have changed. For this reason, the Court concludes that the ALJ committed harmful error in evaluating the medical opinion evidence, and the proper disposition is to reverse and remand the matter for further proceedings consistent with this order.

iii. *Dr. Yihdego and Dr. Morgan*

Plaintiff also argues that the ALJ erred in evaluating the medical opinions of Elese Yihdego, DO, and Laura Morgan, MD, because the ALJ found that both opinions *were* supported, and in evaluating consistency, "the ALJ provided the same failed explanation [that] he sought to use to discredit ARNP Watson's opinion." Dkt. 13 at 10, 11. The Court agrees with Plaintiff that in finding Dr. Yihdego and Dr. Morgan's opinions unpersuasive, the ALJ offered the *same* consistency analysis he provided in evaluating ARNP Watson's opinion. *Cf.* AR 738–39. Having found harmful error in this same consistency analysis, *supra*, the Court concludes that the ALJ *also* committed harmful error in evaluating Dr. Yihdego and Dr. Morgan's medical opinion evidence.

## IV. Remaining Issues

Plaintiff also argues that the ALJ erred in evaluating Dr. Bashumika's medical opinion evidence, whether Plaintiff's left foot/ankle impairment was a severe impairment at Step Two, and in formulating Plaintiff's RFC. Nonetheless, having concluded that the ALJ committed harmful error in evaluating the medical opinion evidence, the Court need not address these remaining arguments because, on remand, the ALJ is instructed to reconsider the entire Social Security evaluation process, including Step Two, the medical opinion evidence, Plaintiff's subjective symptom testimony, and as necessary, Plaintiff's RFC. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective."); *Watson v. Astrue*, No. ED-CV-09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (concluding the RFC and hypothetical questions posed to the vocational expert at Step Five were defective when the ALJ did not properly consider physicians' findings).

## V. Conclusion

Based on the foregoing reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED**.

Dated this 18th day of November, 2026.

David W. Christel
United States Magistrate Judge